UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ANGELIA HUTCHESON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:25-cv-1245-GMB |
| FRANK BISGNANO, Commissioner of Social Security, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

On August 1, 2025, Plaintiff Angelia Hutcheson filed a complaint against Frank Bisignano, the Commissioner of Social Security (the "Commissioner"), asking the court to review the Commissioner's decision denying her application for disability benefits. Doc. 1. In response, the Commissioner moved to dismiss this action because the complaint is time barred. Doc. 6. The court then ordered Hutcheson to show cause why the Commissioner's motion should not be granted. Doc. 8. Hutcheson, who is represented by counsel, explained that she timely filed the same complaint on March 28, 2025, but the district court dismissed the action without prejudice. Doc. 9. Without legal justification, she asks this court to allow her new case to proceed anyway. *See* Doc. 9. For the following reasons, the Commissioner's motion is due to be granted.

## I. STANDARD OF REVIEW

The Commissioner seeks to dismiss the complaint pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, the Commissioner asks this court to treat the motion as one for summary judgment. Doc. 6 at 1. "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

With his motion, the Commissioner presented a Declaration of Rosanna Mapp (Doc. 6-1 at 1–4), a Notice of Decision-Unfavorable (Doc. 6-1 at 5–27), an Order of Appeals Council Remanding Case to Administrative Law Judge (Doc. 6-1 at 28–34), a Notice of Decision-Unfavorable issued by the Administrative Law Judge on remand (Doc. 6-1 at 35–61), and a Notice of Appeals Council Action (Doc. 6-1 at 62–67). The court will consider these materials and therefore treats the Commissioner's motion as a summary judgment motion, not as a motion to dismiss.[1]

---

[1] Because the Commissioner's motion was made, from the outset, as an alternative motion for summary judgment, Hutcheson has been on notice that the court may treat it as a summary judgment motion. In addition, she is represented by counsel, who "can be presumed to appreciate the need to file affidavits or other responsive materials and of the consequences of default." *Howell v. Dept. of the Army*, 975 F. Supp. 1293, 1297 (M.D. Ala. 1997) (internal quotations omitted). "Additional or special protective notice is therefore not required before the court may proceed to treat the motion as one for summary judgment." *Id.*

In Hutcheson's response, she admits that she "previously filed a Complaint within . . . the time limit enumerated in 20 C.F.R. § 404. 981 on March 28, 2025. The case number for the prior case is 6:25-cv-." Doc. 9 at 1. Although the case number is incomplete, this is a reference to *Angelia M. Hutchenson[2] v. Social Security Administration, Commissioner*, 6:25-cv-476-CLM. The court takes judicial notice of the docket entries and orders in that case and will consider those that are relevant to the Commissioner's motion.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment would be inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.  FACTS

On January 18, 2024, an Administrative Law Judge ("ALJ") issued a decision denying Hutcheson's claims for a period of disability and disability insurance. Doc. 6-1 at 5–27. On appeal, the Appeals Council vacated the decision and remanded the case to the ALJ. Doc. 6-1 at 28–34. On September 24, 2024, the ALJ again denied Hutcheson's claims. Doc. 6-1 at 35–61. Hutcheson requested review

---

[2] Hutcheson's last name is spelled differently on the docket in 25-cv-476-CLM, but this was a typographical error. *See* Doc. 1 at 1 in 25-cv-476-CLM.

of this decision by the Appeals Council, and the Appeal Council denied that request on January 23, 2025.[3] Doc. 6-1 at 62–67.

The Appeal Council's denial letter notified Hutcheson that there was "no reason under our rules to review" the ALJ's decision and that the ALJ's decision "is the final decision of the Commissioner of Social Security in your case." Doc. 6-1 at 62.  In a section titled "Time to File a Civil Action," the letter said:

- You have 60 days to file a civil action (ask for court review).
- The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for wanting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.

Doc. 6-1 at 63.

On March 28, 2025, Hutcheson filed a complaint in the Northern District of Alabama. Doc. 1 in 25-cv-476-CLM.  Three weeks later, the court ordered Hutcheson to pay the court's filing fee or move for leave to proceed *in forma pauperis* by April 25, 2025. Doc. 4 in 25-cv-476-CLM.  Hutcheson did not comply with this order, so the court dismissed her case without prejudice on April 28, 2025. Doc. 5 in 25-cv-476-CLM.

---

[3] On the same day, the Appeals Council mailed the denial letter to Hutcheson and a copy of the letter to her representative. Doc. 6-1 at 3.

Six weeks later, Hutcheson filed a Motion to Re-Open and represented that her attorney, Robert Bryan, "directed a member of his staff" to pay the fee on April 14, 2025. Doc. 6 at 1 in 25-cv-476-CLM.  Because Bryan was "dealing with significant health issues," he was "unaware that the filing fee had not been received." Doc. 6 at 1–2 in 25-cv-476-CLM.  The court construed this motion as a request to find that Hutcheson's failure to pay the filing fee resulted from excusable neglect. Doc. 8 at 2 in 25-cv-476-CLM.  So construed, it denied the motion. Doc. 8 in 25-cv-476-CLM.

Hutcheson, again represented by Bryan, then initiated this action by filing the same complaint on August 1, 2025.[4] Doc. 1.  The civil cover sheet for this action, which instructed Hutcheson to list all related cases, did not mention her previously filed (and dismissed) case. Doc. 1-1.

### III. DISCUSSION

"Congress provided that disappointed [Social Security] claimants must file suit in district court within sixty days (unless extended by the Secretary) in order to obtain judicial review." *Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985); 42 U.S.C. § 405(g).  The date of receipt is presumed to be five days after the date of the

---

[4] The only difference between Hutcheson's March and August complaints is that she removed the assurance that her claim "is commenced within the appropriate time period set forth in the Action of Appeals Council on Request for Review dated January 23, 2025." *Compare* Doc. 1 at 1 in 25-cv-476-CLM, *with* Doc. 1 at 1 in 25-cv-1245-GMB.

5

notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 422.210(c). "The 60-day time limit is strictly enforced and claims filed even one day beyond the deadline have been dismissed as untimely." *Madry v. Colvin*, 2013 WL 5408088, at *3 (M.D. Fla. Sept. 25, 2013) (internal quotations omitted). The ALJ made his decision in Hutcheson's case on September 24, 2024, and the Appeals Council denied review of that decision on January 23, 2025. As a result, Hutcheson had 65 days from January 23, 2025—or until March 31, 2025—to file this action. Since she did not file it until August, her complaint is untimely unless it relates back to her earlier filing or equitable tolling applies.

      Hutcheson does not argue that her August complaint should relate back to her March complaint. In any event, that argument would fail since a "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Foudy v. Indian River County Sheriff's Off.*, 845 F. 3d 1117, 1126 (11th Cir. 2017) (quoting *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004)) (internal quotation marks omitted); *Justice v. United States*, 6 F.3d 1474, 1482 (11th Cir. 1993). And Hutcheson does not explicitly invoke the doctrine of equitable tolling, which is "an extraordinary remedy" that should be applied only "upon finding an inequitable event that prevented plaintiff's timely action." *Justice*, 6 F.3d at 1479–80 (internal quotation marks and citation omitted). The statute of limitations is not automatically tolled by the filing of a lawsuit, and the plaintiff bears

the burden of showing that equitable tolling is warranted.[5] *Justice*, 6 F.3d at 1478–79. In *Justice*, the Eleventh Circuit held that a plaintiff's failure to prosecute his first-filed action with due diligence did not amount to an inequitable event that warrants tolling. *Id.* (holding that plaintiff's counsel's "neglect in failing to comply with the district court's orders" was the "type of 'garden variety' neglect which the Supreme Court . . . expressly rejected as a basis for equitable tolling") (citing *Irwin v. Dept. of Veterans Affs.*, 498 U.S. 89, 90 (1990)). In addition, the availability of other adequate remedies at law precluded equitable tolling. *Id.* at 1479, 1480–82 (explaining that a plaintiff could file a motion for reconsideration, a motion for relief from judgment, and an appeal).

Hutcheson does not show that equitable tolling excuses her untimeliness here. The district court dismissed her first case after she did not pay the filing fee or otherwise respond to its order. Doc. 5 in 25-cv-476-CLM. While Hutcheson reiterates that this neglect was due to her attorney's illness (Doc. 9 at 1), this is not the kind of inequitable event that warrants tolling. And Hutcheson, who was represented by counsel, had other appropriate legal channels that could have preserved her cause of action. She pursued one when she filed her "motion to

---

[5] "The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." *Jackson v. Astrue*, 2008 WL 906573, at *2 (S.D. Ala. Apr. 1, 2008) (citing *Bowen v. City of New York*, 476 U.S. 467, 478–80 (1986)).

reopen,"[6] but then abandoned that effort before resorting to filing this new action several months later. Under these circumstances, "[e]quity will not intervene." *Justice*, 6 F.3d at 1482 (citing *Comm. of Internal Revenue v. Shapiro*, 424 U.S. 614, 634 n.15 (1976)). Accordingly, the court finds that Hutcheson's action is barred by the statute of limitations.

## IV. CONCLUSION

For these reasons, it is ORDERED the Commissioner's Motion to Dismiss (Doc. 6), converted to a motion for summary judgment, is GRANTED. The court will enter a separate order dismissing this case with prejudice.

DONE and ORDERED on March 4, 2026.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[6] In that motion, Hutcheson "could have alerted the district court that because the statute of limitations had expired, the dismissal without prejudice would operate as a dismissal with prejudice." *Justice*, 6 F.3d at 1481. The Eleventh Circuit has held, when presented with the argument, that "cutting off a plaintiff's potentially meritorious action is an unduly harsh sanction for failure to prosecute or to comply with a court order, absent willful or contumacious misconduct." *Id.* (citing cases). But Hutcheson did not raise this issue with the district court.